## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CV 1892 MTS |
| | ) | |
| MERCY HEALTH CARE PROVIDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Joseph Michael Devon Engel (Missouri prison registration no. 1069055), incarcerated at Missouri Eastern Correctional Center ("MECC"), brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon Plaintiff's request for leave to commence this civil action without prepayment of the required filing fee.[1] For the reasons explained below, Plaintiff's request will be granted, but this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and for being frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

---

[1] Plaintiff has not submitted a separate motion; however, after the "Certification & Closing" portion of his complaint, Plaintiff requests to proceed with his case without prepayment of fees and costs. Doc. [1 at 1] ("Application to proceed in District court without prepaying fees or costs."). The Court will construe this as a motion for leave to proceed *in forma pauperis*, or without prepayment of fees and costs.

period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Liberally construed, Plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee, and he can also be understood to aver that he cannot provide a certified copy of his inmate account statement.  *See* Doc. [1 at 1]. As such, the Court will grant Plaintiff leave to proceed *in forma pauperis* in this action and will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  Any claim that Plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107,

1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## Background

Plaintiff is a prisoner and a frequent filer in the United States District Court for the Eastern District of Missouri over the last few months, having initiated over 130 civil actions.  As of December 21, 2020, at least three of Plaintiff's civil actions were dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e).  *See Engel v. Governor of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States of America*, No. 4:20-cv-1742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. dismissed Dec. 21, 2020).  Therefore, for cases filed December 22, 2020 and after, Plaintiff is subject to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis*, or without prepayment of fees and costs.  However, this case was filed by Plaintiff around December 11, 2020, before he received his third 28 U.S.C. § 1915(e)(2)(B) dismissal.

## The Complaint

Plaintiff, currently incarcerated at Missouri Eastern Correctional Center ("MECC"),[2] seeks relief in this matter under 42 U.S.C. § 1983 against ten defendants: (1) Mercy Health Care Provider; (2) Mercy Festus; (3) Mercy Director; (4) Mercy Assistant Director; (5) Mercy Assistant Superintendent; (6) Mercy Superintendent; (7) Mercy ER Staff; (8) Valley Ambulance District; (9) Valley Ambulance Director; and (10) Valley Ambulance Assistant Director.  Doc. [1 at 2].

---

[2] When Plaintiff filed his complaint in this matter, he was incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri.  He has now relocated at MECC.

Plaintiff, who describes himself as a sovereign citizen, prepared his handwritten complaint on two sheets of notebook paper.  His allegations are as follows:

> I am sueing Mercy Hospital [b]ecause they told Valley Ambulance District that I had COVID-19 Corna[. T]hey told Officer Locke Desoto Police Dept that also then kept giving me food at ER and let me go so refusing me treatment.  It was mind raping.

*Id.*

For relief, Plaintiff requests a total of 4,900 trillion dollars from the ten named defendants and seven other items.  The additional items are thousands in stocks of numerous companies, and ownership of "Union Pacific" and "Snap On Tools."  *Id.*

### Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978).  The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the Plaintiff of a constitutionally protected federal right.  *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  To that end, only state actors can be held liable under § 1983.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

However, when a private party acts under color of state law, he or she can be held liable under § 1983.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  But a private party may only be held liable if he or she is a "willful participant in joint activity with the State or its agents."  *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted).  In order to state a claim against a private party under § 1983, the

Plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, the ten named defendants are private companies and employees of those private companies – not state actors.  As best the Court can decipher, Plaintiff received or attempted to receive medical treatment through Valley District Ambulance and Mercy Hospital on some prior date.  Plaintiff's complaint against defendants seems to be related to incorrect disclosure of his health information during this medical treatment.  Although Plaintiff mentions a Desoto police officer in his complaint, the officer is not a named defendant and there are no allegations that the private party defendants reached a mutual understanding or meeting of the minds with the officer or any other state actor.  In fact, the officer is only mentioned in relation to how much food Plaintiff ate in the emergency room, and he does not seem to be involved in any disclosure of health information.  As such, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted because defendants are not state actors, they were not acting under color of state law, and therefore they cannot be sued under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915(e)(2)(B).

Even if Plaintiff had named suable defendants in his § 1983 complaint, his allegations fail to state a plausible claim upon which relief may be granted.  Plaintiff fails to allege facts that show how the defendants are causally linked to, and directly responsible for, violating his rights.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights).  Plaintiff provides no details on any actual events and his allegations are merely conclusory statements without any factual support. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant

except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

In addition, this action is also subject to dismissal as factually frivolous because Plaintiff's allegations lack an arguable basis in either law or in fact.  In the complaint, Plaintiff alleges he is entitled to recover thousands of trillions of dollars in damages based on a claim that entirely lacks factual support.  Such demands and allegations rise to the level of the irrational or wholly incredible.  The Court therefore concludes that Plaintiff's allegations and requested relief are "clearly baseless" under the standard articulated in *Denton.*  504 U.S. 25, 31 (1992).

Finally, this action is also subject to dismissal as malicious.  Plaintiff has submitted to this Court an astonishing number of civil complaints, in a short period of time, and composed in roughly the same factually unsupported and disjointed manner.  Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action. The Court has received multiple envelopes containing more than ten (10) cases from Plaintiff in the past few months.  The nature of those pleadings and Plaintiff's claims for damages are roughly the same as those in the instant action.  It therefore appears that this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right.  *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

Having considered the instant complaint, as well as Plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit Plaintiff leave to file an amended complaint in this action.  The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* in this action is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and for being frivolous and malicious.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's complaint also seeks appointment of counsel in this matter, such request is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of March, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE